WILLIS L. WRIGHT and AFTON W. WRIGHT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wright v. Commissioner
Docket No. 3518-83.
United States Tax Court
T.C. Memo 1984-287; 1984 Tax Ct. Memo LEXIS 388; 48 T.C.M. (CCH) 215; T.C.M. (RIA) 84287; May 30, 1984. G. Randall Klimt, for the petitioners. Richard W. Kennedy, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined deficiencies in and an addition to petitioners' Federal income tax as follows: Sec. 6651(a) [1]
Year
Deficiency
Addition to Tax
1976
$22,890.48
1977
77,788.20
1978
109,942.17
$21,988.43
After concessions, the sole issue is whether certain amounts of goods and services received by petitioners constituted taxable income. The facts have been fully stipulated and are so found. Petitioners, Willis L. Wright and Afton W. Wright, resided in Salt Lake City, Utah, when their petition was filed herein. During the years *389 in issue petitioner Willis L. Wright (petitioner) conducted a barter exchange business called the "Unlimited Business Exchange" as a sole proprietor (herein UBE). UBE operated as a central clearing house for the exchange of goods and services among its members. UBE used "trade units" as a medium of exchange and provided its members information concerning goods and services other members offered for exchange. UBE debited or credited members' accounts for goods and services received from or rendered to other members. When a member initially joined UBE, he paid a membership fee of $150 in cash or goods of equal value and had 150 trade units credited to his account. UBE subsequently charged each member seller a 10 percent commission payable in trade units when two members exchanged goods or services. UBE also earned either $150 in cash or 150 trade units when members paid their annual dues. All of the money and trade units UBE earned went directly to petitioner's personal account. During the years in issue, the amount of goods and services petitioner received from UBE members exceeded the amount of trade units which had been credited to his account. [2] UBE's members, however, *390 did not know that petitioner received goods and services in excess of the number of trade units he was entitled to receive. On their returns, petitioners failed to include in their gross income the entire value of the goods and services petitioner received from UBE members. In his notice of deficiency, respondent determined that petitioners had additional taxable income from UBE of $71,306.57, $222,009.16, and $228,531.26 for 1976, 1977, and 1978, respectively. The only issue is whether petitioner is taxable on the goods and services he received from UBE members. [3] Under section 61, gross income includes all income from whatever source derived whether realized in the form of money, property, or services. Sec. 1.61-1, Income Tax Regs. Petitioner's sole contention is that the amount of goods and services he received from UBE members which *391 exceeded the number of trade units credited to his account (herein the excess amount) should not be included in his gross income because he was legally obligated to repay the excess amount. We reject this contention. It is well established that when a taxpayer acquires income, lawfully or unlawfully, without the consensual recognition of an obligation to repay, it must be included in his gross income in the year received even though he may still be adjudged liable to repay it. James v. United States,366 U.S. 213 (1961). The fact that the taxpayer at some later date might be required to make restitution does not cause that income not to be included in gross income in the year received. McSpadden v. Commissioner,50 T.C. 478, 490 (1968). In the instant case, since UBE's members did not know nor did they consent to petitioner's receiving the excess amount, it is clear that there was no consensual recognition of an obligation to repay the excess amount between petitioner and the UBE members. *392 Thus, we conclude that the excess amount constitutes taxable income in the year received. Accordingly, the entire value of the goods and services petitioner received is includible in petitioners' income for the years in issue. [4]
To reflect concessions and the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. The amount of trade units petitioner earned, received, and the difference between the two was as follows: ↩
Amount Received
Year
Amount Earned
Amount Received
Minus Amount Earned
1976
$34,541.71
$82,788.13
$48,246.42
1977
393,189.26
454,247.98
61,058.72
1978
285,953.43
468,743.87
182,790.44
3. Respondent has agreed that 40 percent of the trade units petitioner spent were for business purposes and therefore are deductible on petitioners' returns.↩
4. The parties have agreed that that value of one trade unit is sixty-seven cents ($.67).↩